UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.:  1:21-CV-319-CLC-CHS |
| v. | ) |
| | ) |
| AMY L. HINKLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff James Swann, Jr., an inmate in the custody of the Tennessee Department of Correction, has filed a motion to reopen this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 17].

On February 18, 2022, this Court dismissed Plaintiff's complaint for want of prosecution after Plaintiff failed to timely submit a certified copy of his inmate trust account to support his motion to proceed *in forma pauperis* [Docs. 8 and 9]. Thereafter, Plaintiff claimed that officials at the Sullivan County Jail (where he was housed when he filed the complaint) refused to provide him with the necessary information [Doc. 12]. The Court directed the Clerk to send Plaintiff a prison account statement form, directed the Warden of the facility to promptly provide Plaintiff with a certified copy of his inmate account statement, and advised Plaintiff to file a motion to reopen the case once he received the information if he wished to pursue the claims in his complaint [Doc. 16]. In response, Plaintiff filed the instant motion accompanied by a certified accounting of his inmate account to support his initial motion to *proceed in forma pauperis* [Doc. 17].

Upon due consideration, the Court finds Plaintiff has established excusable neglect and/or inadvertence for failing to timely submit the required documents, and his motion [Doc. 17] is

**GRANTED** pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court's February 18, 2002, Memorandum Opinion [Doc. 8] and Judgment Order [Doc. 9] are **VACATED.**

The Clerk is **DIRECTED** to reopen this cause as an active case. Because the certified account information now provided to the Court demonstrates that Plaintiff lacks the financial resources to pay the filing fee in this action, his motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Because Plaintiff is a prisoner, he is assessed a filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $400.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to Plaintiff's custodian and the Court's financial deputy. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**