UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, JR. | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:21-CV-319-CLC-CHS |
| AMY L. HINKLE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff is a prisoner proceeding pro se and *in forma pauperis* in a civil rights action alleging violations of 42 U.S.C. § 1983 [Docs. 2 and 18]. The complaint is before the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA") to determine whether it states a justiciable claim. *See* 28 U.S.C. § 1915(e) and § 1915A. For the reasons set forth below, the Court finds that the complaint should be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted, as frivolous, and as against Defendants who are immune.

I. **PLRA SCREENING STANDARDS**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA,

a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF COMPLAINT

Plaintiff was arrested on December 4, 2019, for offenses in Sullivan County Case Nos. S73148 and S73551 and was incarcerated when he was arrested for charges in Sullivan County Case No. S72958 [Doc. 2 at 9]. He remained incarcerated until March 13, 2021, when he was released for having "flat-timed" his sentence in Case No. 272958 [*Id*.].

Plaintiff maintains that he received an affidavit for a violation of probation concerning Sullivan County Case Nos. S72958, S65993, S66675, S73148, S73551 that was signed July 16, 2021, by Ms. Katelyn Goins, a state probation officer that he was never asked to report to [Doc. 2 at 9]. Therefore, Plaintiff claims, he was illegally released and then subjected to a violation of probation that was not supposed to be active [*Id*. at 4]. Plaintiff contends that he was informed on

2

December 15, 2021, that his two-year "flat" sentence would have to be served, and that he would "come back in March for a status hearing" [*Id*.].

Plaintiff seeks punitive damages against Defendants [*Id*. at 5]. Named as Defendants in this action are District Attorney Amy L. Hinkle and Emily Hutchins, Judges Jerry Beck and William Rogers, Probation Officer Katelyn Goins, the Sullivan County Jail, and the Tennessee Department of Correction ("TDOC") [*Id*. at 2–3].

### III. ANALYSIS

#### A. Non-"Persons"

The Court finds that neither the TDOC nor the Sullivan County Jail are "persons" within the meaning of § 1983, and therefore they are not amenable to suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, Defendants TDOC and Sullivan County Jail will be **DISMISSED**.

#### B. Immunities

Defendants Judge Jerry Beck and Judge William Rogers are entitled to absolute judicial immunity from suit for actions taken in a judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). Accepting a plea and sentencing a defendant are functions normally performed by judges, and therefore, these Defendants are immune from suit. *See Forrester v. White*, 484 U.S. 519, 227 (1988) (noting "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original). Accordingly, Defendants Beck and Rogers will be **DISMISSED**.

3

Defendants Amy Hinkle and Emily Hutchins, who each served as prosecuting attorneys in one or more of Plaintiff's criminal cases, are likewise entitled to absolute immunity for activities connected with judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976) (holding "a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983). Accordingly, Defendants Hinkle and Hutchins will be **DISMISSED**.

Judicial immunity also extends to the remaining Defendant, Probation Officer Katelyn Goins. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007) (finding that probation officers are entitled to quasi-judicial immunity to the extent they are performing judicial duties). The documentation attached to Plaintiff's complaint shows that Defendant Goins swore out an affidavit as to Plaintiff's failure to comply with probation requirements, which is an act "intrinsically associate[d] with a judicial proceeding." *Bush*, 38 F.3d at 847 (holding that actions taken while "enforcing or executing a court order [are] intrinsically associated with a judicial proceeding" and that such acts are therefore entitled to judicial immunity).[1] Therefore, as Defendant Goins was performing a judicial function when Goins determined that Plaintiff had violated the terms of his probation, Defendant Goins is entitled to be **DISMISSED** from this action.

---

[1] Further, to the extent Plaintiff's claims against these Defendants arise out of the allegation that these Defendants should have corrected any improper sentencing by the judge, the Sixth Circuit has specifically noted that it would be illogical to allow such claims to proceed in light of the immunity granted to judges. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (noting that "officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function" as otherwise, officials would be responsible for second guessing the decisions of the judge).

### C. Arguable Legal Basis

The Court otherwise notes that the documentation attached to Plaintiff's complaint establishes that, when he was released on probation on March 12, 2021, he was under a total effective probation sentence of seventeen years per the judgments in Sullivan County Case Nos. S72958, S65993, S66675, S73351 and S73148 [Doc. 2 at 10–28, 30–31]. An arrest warrant was signed on July 16, 2021, upon an affidavit swearing, among other things, that Plaintiff left his first scheduled intake, failed to report for his second scheduled intake, failed to advise his probation officers of his location, and ultimately absconded from supervision [*Id*. at 30]. Therefore, Plaintiff's filings do not suggest that he was randomly and unlawfully seized due to some mistake in releasing him from custody, but rather, that he was released on probation, failed to adhere to the conditions of that probation, and was returned to TDOC custody. Plaintiff's allegations to the contrary lack no basis in law or fact.

Additionally, Plaintiff cannot obtain monetary damages in a § 1983 action based on the fact of his incarceration without first demonstrating that his conviction and/or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). Plaintiff claims that he is currently incarcerated as a result of the Sullivan County judgments referenced in his complaint, and he has not demonstrated that any of those judgments have been reversed or invalidated. Therefore, any claim for damages based on the fact of Plaintiff's current incarceration will be **DISMISSED** as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

5

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, it seeks relief against Defendants who are immune, and it is frivolous. Therefore, it will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**